BOWKER FERTILIZER COMPANY *vs.* ANDREW W. CLUSKEY.

Aroostook.    Opinion August 28, 1925.

*Liability of a defendant as guarantor of an agent's fidelity cannot against seasonable objection be enforced in an action on account annexed for goods delivered to the agent.*

*But where an action is so brought and tried throughout as if brought properly, upon the contract of guaranty; no objection being taken to the form of action and no prejudice appearing, a verdict for the plaintiff will not be set aside.*

*A party shall not take the chance of obtaining a decision in his favor, without being bound by the result if the decision is against him.*

In the instant case, the defendant denied that he signed or authorized the signing of the contract of guaranty. This issue was submitted to the jury. The verdict in the plaintiff's favor was abundantly justified.

On exceptions and motion. An action of assumpsit on account annexed against Henry W. Baston and Andrew W. Cluskey to recover for twenty-five tons of fertilizer. The fertilizer was delivered to Baston who used it in planting, who did not deny his liability and was defaulted. Cluskey did defend and a verdict of $2,240.21 was rendered against him. Cluskey's liability, if any, was that of a guarantor under a written instrument signed by Baston and himself though he denied his signature. Cluskey during the trial did not raise the question that the form of action was not a proper one against him under the circumstances but tried it out resulting in the verdict. Motion and exceptions overruled.

The opinion states the case.

*Archibald & Archibald and George A. Gorham,* for plaintiff.

*George E. Thompson,* for defendant.

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, JJ.

DEASY, J. This is an action of assumpsit on account annexed, brought against Henry W. Baston and Andrew W. Cluskey to recover for twenty-five tons of fertilizer. The fertilizer was shipped by the plaintiff to Baston, was received by him and used by him in

planting. He does not dispute liability and has been defaulted. Cluskey alone defended. A verdict for $2,240.21 was recovered against him.

Cluskey's connection with the transaction grows out of a certain written instrument dated March 5, 1921 purporting to be signed by him, and admittedly signed by Baston. The instrument appoints Henry Baston as the plaintiff's agent at Bridgewater for the sale of fertilizer. Cluskey is not named, nor in any way referred to in the document, except that at the end his name is signed with Baston's.

Baston was properly sued on account annexed. He received and used the fertilizer. In effect, acting as agent for the plaintiff he sold it to himself.

But Cluskey was not the plaintiff's agent. He received no fertilizer. If he signed the instrument, or authorized its signing it was, in effect though not in form, as guarantor of Baston's fidelity.

Such liability cannot, against seasonable objection, be enforced in an action on account annexed. In such an action an obligation for goods bargained and sold, or sold and delivered may be enforced. *Kelsey* v. *Irving*, 118 Maine, 307.

But no fertilizer was either bargained, sold or delivered to Cluskey. Cluskey defended on the ground that the signature purporting to be his was not genuine and was not authorized by him. Upon this issue the case was tried. The verdict was in favor of the plaintiff. The jury was abundantly justified in finding that Cluskey's signature was authorized.

Cluskey's motion must be overruled. The case was tried throughout as if brought upon his contract of guaranty. No objection to the form of action was raised at nisi prius, or even in the Law Court. No prejudice has resulted from the irregularity in pleading.

Upon proof of the issue actually tried and decided judgment in this case will bar a further action for the same cause. *Walker* v. *Chase*, 53 Maine, 258. *Kelsey* v. *Irving*, supra.

"A party shall not take the chance of obtaining a decision in his favor without being bound by the result if the decision is against him." *Raymond* v. *Commissioners*, 63 Maine, 110. *Shepherd* v. *R. R. Co.*, 112 Maine, 350.

Cluskey was entitled to his "day in Court." He has had it.

The exceptions cannot be sustained. The first exception is to the admission of a letter written to Baston purporting to be from Cluskey,

It is not proved that he signed the letter.   But the case comes fairly within the rule that makes reply letters prima facie admissible.

*Abbott* v. *McAloon*, 70 Maine, 98; *Lancaster* v. *Ames*, 103 Maine, 87.

The second exception is to the admission of the instrument in controversy.   It is disposed of by the overruling of the motion.

*Motion and exceptions overruled.*